UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-263-RLV
(3:04-cr-277-RLV-DCK-1)

| LAVERN JUNIOR JACOBS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the Motion to Vacate.

**I.    BACKGROUND**

On October 19, 2004, a Bill of Information was filed charging Petitioner with the unlawful possession of a firearm after having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). (Case No. 3:04cr277, Doc. No. 1). Following his initial appearance, the Court entered an Order noting Petitioner's plea of "not guilty" and his request for a jury trial. (Id., Doc. No. 3). On July 26, 2005, Petitioner's jury trial was commenced. On July 29, 2005, the jury convicted Petitioner of the firearm charge. (Id., Doc. No. 28). On March 1, 2006, the Court conducted Petitioner's Sentencing Hearing and sentenced him, as an armed career criminal, to 288 months imprisonment. (Id., Doc. No. 33). Thereafter, the Fourth Circuit Court

of Appeals affirmed the Court's Judgment.  See United States v. Jacobs, 221 F. App'x 205, 2007 WL 731402 at *2 (4th Cir. Mar. 9, 2007) (unpublished).

On March 10, 2008, Petitioner filed a § 2255 motion to vacate his conviction, which this Court denied and dismissed on December 6, 2010.  (Crim. Case No. 3:04cr277, Doc. Nos. 50; 52: Civil No. 3:08cv99).  Petitioner placed the present § 2255 motion in prison mail system on April 22, 2013, and it was stamp-filed in this Court on April 29, 2013.  In the § 2255 motion, Petitioner contends that he is entitled to relief, pursuant to the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), from his sentencing enhancement based on his designation as a career offender.

## II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief.  After having considered the record in this matter, the Court finds that no response is necessary from the United States.  Further, the Court finds that this matter can be resolved without an evidentiary hearing.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

Petitioner filed the instant Motion to Vacate on or around April 29, 2013, seeking to have the Court vacate his conviction and sentence in Criminal Case No. 3:04cr277.  As noted, Petitioner filed a previous motion to vacate the same conviction and sentence on March 10, 2008.  Thus, this is the second § 2255 petition filed by Petitioner challenging the conviction and sentence in Criminal Case No. 3:04cr277.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Accordingly, this successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place"). Accord Everette v. United States, 5:04-cv-358, 2012 WL 4486107 (E.D.N.C. Sept. 28, 2012) (dismissing a § 2255 motion as a successive petition where the petitioner raised a claim under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), appeal dismissed, United States v. Everette, No. 12-7825, 2013 WL 730527 (4th Cir. Feb. 28, 2013).

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's § 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as a successive

petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: May 8, 2013

Richard L. Voorhees
United States District Judge