IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL ACTION NO. 3:04-CR-00277-KDB-DCK-1

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| LAVERN JUNIOR JACOBS, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant Lavern Junior Jacobs' *pro se* motions for compassionate release and a request for appointment of counsel based on the COVID-19 pandemic under 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018. (Doc. Nos. 68, 70). Having carefully reviewed the Defendant's motion, exhibits, and all other relevant portions of the record, the Court will deny the motion without prejudice to a renewed motion properly supported by evidence and after exhaustion of his administrative remedies.

## I. BACKGROUND

In 2005, Defendant was found guilty by a jury of knowingly possessing a firearm in and affecting commerce by a convicted felon. (Doc. No. 28). He was sentenced to 288 months imprisonment plus five years of supervised release. (Doc. No. 33).

Defendant is a 50-year-old male confined at Leavenworth USP, a medium-security United States penitentiary, with a projected release date of May 28, 2025. Defendant seeks a reduction in his sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). He claims he suffers from high blood pressure, is obese and has recently been diagnosed with a brain tumor called Prolactinoma. (Doc. No. 68, at 2). According to the Presentence Report, Defendant

suffered injuries in an automobile accident but those wounds have healed. He does experience periodic pain and swelling in his right leg and that orthopedic pins are still in place in his right leg and ankle. (Doc. No. 60, ¶ 97). Defendant files minimal medical records with his motion which indicates he takes Lisinopril for high blood pressure (Doc. No. 69 at 2, 3) and was treated for chest pain at Saint Luke's Hospital on October 16, 2020, which was resolved. The echocardiogram and cardiac stress test performed in the hospital were both reassuring. (Doc. No. 71 at 6). Findings of the cardiovascular exam were normal. *Id.* at 9, 10.

## II. COMPASSIONATE RELEASE

A prisoner may bring a motion for compassionate release before the court only if he "has fully exhausted all administrative rights to appeal a failure" of the BOP to bring a motion on his behalf or if 30 days have passed since the warden received his request, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Courts are split over whether the exhaustion requirement is jurisdictional or is a "case processing" rule that can be waived. *Compare United States v. Brown*, No. CR 12-20066-37-KHV, 2020 WL 1935053, at *1 (D. Kan. Apr. 22, 2020) ("The requirement to exhaust administrative remedies or wait 30 days after the warden receives a request is jurisdictional.") *with United States v. Alam*, -- F.3d --, No. 20-1298, 2020 WL 2845694, at *2 (6th Cir. June 2, 2020) (holding that the administrative exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) is non-jurisdictional). The majority view is that the exhaustion requirement is a case processing rule. *See, e.g.*, *United States v. Smith*, No. 12 Cr. 133 (JFK), 2020 WL 1849748, at *2-3 (S.D.N.Y. Apr. 13, 2020) (collecting cases).

If the rule is not jurisdictional, then it can be waived, forfeited, or abandoned, and is otherwise subject to exceptions. *See United States v. Zukerman*, 16 Cr. 194 (AT), 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020); *United States v. Russo*, No. 16-cr-441 (LJL), 2020 WL 1862294, at *5

(S.D.N.Y. Apr. 14, 2020). These exceptions include "where it would be futile, either because the agency decisionmakers are biased or because the agency has already determined the issue, . . . where the administrative process would be incapable of granting adequate relief, . . . [or] where pursuing agency review would subject plaintiffs to undue prejudice." *Zukerman*, 2020 WL 1659880, at *3 (citing *Washington v. Barr*, 925 F.3d 109, 118-19 (2d Cir. 2019). It is Defendant's burden to show that he has exhausted his remedies or that exhaustion would be futile or result in undue prejudice. *See, e.g.*, *United States v. Bolino*, No. 06-cr-0806(BMC), 2020 WL 32461, at *1 (E.D.N.Y. Jan. 2, 2020) (requiring defendant to prove that the exhaustion requirement has been met).

Here, Defendant has not exhausted his remedies as required under 18 U.S.C. § 3852(c)(1)(A). Defendant petitioned the warden for compassionate release on July 16, 2020. (Doc. No. 68-2, at 127). The warden denied his request on August 5, 2020. *Id.* at 135. Defendant has not exhausted all administrative appeals of the warden's adverse decision that are available to him within the BOP.

According to the BOP's website, Leavenworth USP currently has 3 inmates and 5 staff with confirmed active cases of COVID-19. There are approximately 1,400 inmates at Leavenworth USP. There have been no inmate nor staff deaths, while 541 inmates have recovered and 5 staff have recovered. Given this information, the Court finds that Defendant has not met his burden of showing that the exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) should be excused. With so few current cases amongst the inmate population at Leavenworth USP, requiring Defendant to exhaust his administrative remedies within the BOP before petitioning this Court would not result in any "catastrophic health consequences" or unduly prejudice Defendant. *See United States v. Fraction*, No. 3:14-CR-305, 2020 WL 3432670, at *7 (M.D. Pa. June 23, 2020) (finding the

defendant did "not demonstrate any 'catastrophic health consequences' to make exhaustion futile or show that he could be unduly prejudiced if he had to wait to exhaust his administrative remedies with the BOP"). Generalized concerns regarding the possible spread of COVID-19 to the inmate population at Leavenworth USP are not enough for this Court to excuse the exhaustion requirement, especially considering the BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread at Leavenworth USP. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

The Court does not intend to diminish Defendant's concerns about the pandemic. However, given the scale of the COVID-19 pandemic and the complexity of the situation in federal institutions, it is even more important that Defendant first attempt to use the BOP's administrative remedies. *See United States v. Annis,* 2020 WL 1812421, at *2 (D. Minn. Apr. 9, 2020). Not only is exhaustion of administrative remedies required under the law, but it also "makes good policy sense." *United States v. Fevold,* 2020 WL 1703846, at *1 (E.D. Wis. Apr. 8, 2020). "The warden and those in charge of inmate health and safety are in a far better position than the sentencing court to know the risks inmates in their custody are facing and the facility's ability to mitigate those risks and provide for the care and safety of the inmates." Id. As the Third Circuit has recognized, "[g]iven BOP's shared desire for a safe and healthy prison environment . . . strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance." *Raia,* 954 F.3d at 597.

For these reasons, the Court will deny Defendant's Motion without prejudice to a renewed motion properly supported by evidence and after he has exhausted his administrative remedies.

### III. APPOINTMENT OF COUNSEL

The Defendant asks the Court to appoint him counsel to assist him with his request for a compassionate release. However, "a criminal defendant has no right to counsel beyond his first appeal." *United States v. Legree,* 205 F.3d 724, 730 (4th Cir. 2000) (quoting *Coleman v. Thompson,* 501 U.S. 722, 756 (1991). "Though in some exceptional cases due process does mandate the appointment of counsel for certain postconviction proceedings," the Defendant has not presented a showing of such exceptional circumstances in this case. *Legree,* 205 F.3d at 730 (internal citation omitted). The Court finds that the interests of justice do not require appointment of counsel to assist the Defendant at this time.

### IV. REHAIF ISSUE

In his motion, Defendant argues his conviction under 18 U.S.C. § 922(g) is insufficient under *Rehaif v. United States,* 139 S. Ct. 2191 (2019). In *Rehaif v. United States,* the Supreme Court held that in order to sustain a conviction under 18 U.S.C. §§ 922(g) and 924(a)(2) "the Government must prove both that the defendant possessed a firearm and that he knew he belonged to the relevant category of person barred from possessing a firearm." 139 S. Ct. 2191, 2200 (2019). However, a compassionate release motion under 18 U.S.C. § 3582 is not the proper vehicle to challenge the validity of a sentence under *Rehaif*. If Defendant wants the Court to determine if he is entitled to relief under *Rehaif,* he should file a motion under 28 U.S.C. § 2255. *Cf. Rehaif,* 139 S. Ct. at 2213 (Alito, J., dissenting) ("Those for whom direct review has not ended will likely be entitled to a new trial. Others may move to have their convictions vacated under 28 U.S.C. § 2255.").

To the extent Defendant is arguing that *Rehaif* provides a reason for a sentence reduction under 18 U.S.C. § 3582, the Court does not agree. An argument that a "conviction is infirm in light of *Rehaif* does not support the next step, namely that an infirm *conviction* would authorize a lesser *sentence*." *United States v. Brown,* No. 2:12-CR-00224-1, 2020 WL 4345077, at *5 (W.D. Pa. July 29, 2020) (finding that *Rehaif* does not provide a reason for a sentence reduction under 18 U.S.C. § 3582(c)). Accordingly, relying on *Rehaif* could only form a basis to vacate Defendant's conviction itself, not alter his term of imprisonment. Section 2255 controls a motion to vacate a conviction.

## V. ORDER

**IT IS THEREFORE ORDERED** that Defendant's motions for compassionate release and a request for appointment of counsel (Doc. Nos. 68, 70), are **DENIED** without prejudice to a renewed motion properly supported by evidence and after exhaustion of his administrative remedies.

**SO ORDERED.**

Signed: December 2, 2020

Kenneth D. Bell
United States District Judge