# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL ACTION NO. 3:04-CR-00277-KDB-DCK-1

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| LEVERN JUNIOR JACOBS, | |
| Defendant. | |

**THIS MATTER** is before the Court upon remand from the United States Court of Appeals for the Fourth Circuit. (Doc. 88) Defendant appealed *pro se* from this Court's denial (Doc. 83) of his motion for reconsideration (Doc. 81) of its denial (Doc. 80) of his motion for compassionate release. (Doc.73) The government filed with the Court of Appeals an Unopposed Motion to Remand on June 10, 2022 (Doc. 88-1), stating that this Court had failed to consider all of the grounds advanced by Defendant in support of his Motion for Compassionate Release and Motion to Reconsider. The Court of Appeals issued its Judgment (Doc. 88) on June 14, 2022, and its Mandate (Doc. 92) on July 6, 2022.

Defendant filed, through counsel, an enlarged Motion for Compassionate Release (Doc. 94) and supporting Memorandum (Doc. 95) on July 7, 2022. Defendant propounds the following grounds in support of extraordinary and compelling reasons for release: 1) Defendant's health issues, particularly in light of COVID-19; 2) Defendant's unusually long sentence upon conviction of being a felon in possession of a firearm; 3) the length of time Defendant has served (more than 75% of his sentence); 4) Defendant's significant rehabilitation efforts while incarcerated, and; 5)

that Defendant's conditions of confinement are no longer productive. Defendant concludes by briefly addressing the applicable 3553(a) factors.

The government filed a Court Ordered Response (Doc. 98) on July 22, 2022. The government addressed only the first ground (health/COVID-19) as an extraordinary and compelling reason to grant relief. The fourth ground (rehabilitation) was addressed in the 3553(a) section of the Response essentially in a single sentence: "Consequently, any effort at rehabilitation do (sic) not outweigh the seriousness of his crimes and danger to the community." (Doc. 98 at 12)

Other than a recitation of Defendant's criminal history in its 3553(a) section the government responded, if at all, to Defendant's remaining grounds with generalities: "The defendant fails to demonstrate how release, before completion of his sentence, reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense. A consideration of the factors above shows that release at this point is inappropriate based on the offense of conviction, the defendant's managed medical condition, and the amount of time remaining on the defendant's sentence." (Doc. at 13) (citation omitted) The government's Response addressed only one of five asserted grounds (alone and in combination) for extraordinary and compelling reasons for compassionate release.

It is ironic, and disappointing, that the government completely failed to address most of the grounds raised by Defendant in support of his motion, particularly in light of its Unopposed Motion to Remand. Contrast the government's position on Remand ("On appeal, Jacobs argues that the district court erred when it denied Jacob's motion for compassionate release based solely on his vaccination status. . . . The United States agrees with Jacobs that this Court should vacate the district court's judgment and remand to give the district court the opportunity to respond more

fully to Jacob's asserted extraordinary and compelling reasons for compassionate release.") (Doc. 88-1 at 4-5) with its conclusion in Response to Defendant's counselled Motion and Memorandum ("In short, because vaccination mitigates the risk of contracting COVID-19, and from getting seriously ill even if the defendant were to contract COVID-19, and the defendant has been fully vaccinated, he cannot establish an 'extraordinary and compelling' reason for compassionate release based on concerns about contracting COVID-19."). (Doc. 98 at 13). If the Court adopted the government's argument it would no doubt be remanded again, and for exactly the same reason.

The Court finds the United States' response decidedly unenlightening and unhelpful. The Court, then, will consider Defendant's Motion, Memorandum and supporting documents without the benefit of a meaningful Response.

<u>Health, in Light of COVID-19</u>

Defendant is a 51 year-old male confined at Leavenworth USP, a medium-security United States penitentiary, with a projected release date of May 28, 2025. Defendant bases his current motion first on the threat posed by the COVID-19 pandemic and states that he suffers from hypertension, obesity and a hyperfunctioning pituitary gland. (Doc. 95 at 11). However, Defendant's medical records indicate that his hypertension and hyperfunctioning pituitary gland are being handled through appropriate medication. (Doc. 99 at 2-10). Additionally, Defendant is fully vaccinated against COVID-19, as he received the first dose of the Moderna vaccine on May 18, 2021, the second dose on June 15, 2021, and a booster shot on December 10, 2021. (Doc. 99 at 33). Once a vaccine is available to an inmate, compassionate release is not warranted based on the threat of COVID-19 alone. *See United States v. Reed*, 2021 WL 2681498, at *4 (E.D. Pa. June 30, 2021) (Schmehl, J.) ("Now that COVID-19 vaccinations are being administered throughout

the Bureau of Prisons, compassionate release motions [based on COVID-19] generally lack merit.").

The Centers for Disease Control and Prevention (CDC) have evaluated the Delta variant of COVID-19 and explained that vaccines "continue to be highly effective at preventing hospitalizations and death." CDC, *Benefits of Getting a* COVID-19 *Vaccine*, www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html. The CDC also notes that vaccines currently available in the United States have been shown to be "highly effective" at preventing COVID-19. It should be noted that according to the Bureau of Prison's (BOP) website, Leavenworth USP currently has zero inmates and three staff with confirmed cases of COVID-19. Additionally, at Leavenworth USP, 2,002 inmates have been fully inoculated and 190 staff have been fully inoculated. Although there have been 4 inmate deaths and no staff deaths, and 587 inmates have recovered and 29 staff have recovered, these statistics on deaths and recovery are mostly backward looking and "somewhat misleadingly" suggest that the COVID threat remains as it was. Furthermore, health authorities cannot predict future mutations of COVID and their possible risk to Defendant, and the Court will not attempt to guess.

With the Fourth Circuit's recent decision in *United States v. McCoy*, 981 F. 3d 271 (4th Cir. 2020), there is no applicable policy statement governing compassionate release motions filed by a defendant. *Id*. at 284. As a result, district courts are empowered to consider any extraordinary and compelling reasons for release that a defendant may raise. *Id*. However, for the reasons enumerated above, this Court does not find that Defendant's fear of contracting COVID-19 after being fully inoculated is an "extraordinary and compelling" reason for release.

<u>Length of Defendant's Imposed Sentence</u>

Defendant's assertion that he is serving an "unusually severe sentence" is worthy of consideration as an extraordinary and compelling circumstance.  His designation as an Armed Career Criminal was triggered by "Breaking and/or Entering a residence in three separately countable cases." (Doc. 60 at 4)   These offenses do not include acts of armed violence that often lead to designation as an Armed Career Criminal, which distinguishes him from other Armed Career Criminals who would have received the same sentence.  Failing to recognize this distinction could lead to an unwarranted sentencing disparity.  However, his criminal history includes six (6) assault convictions, in addition to his record as a career thief.  Defendant was credited with 23 criminal history points.[1]  More than 12 criminal history points places a defendant in Criminal History Category VI, the highest range for Sentencing Guidelines purposes.  The extent, duration and kind of Defendant's criminal history counterbalances the risk of his sentence creating an unwarranted sentencing disparity.

Further, the Court is not persuaded that the "severity of [Defendant's] sentence is exacerbated by COVID-19 restrictions in prison." (Doc. 95 at 25).  What may have been true in 2020 or 2021 is not so today.  Defendant fails to provide any evidence of current restrictions on programming in the Bureau of Prisons due to COVID-19, and the Court is unaware of any.  Even if such restrictions do exist, the Court finds that they would not constitute an extraordinary and compelling reason for compassionate release.

### Length of Sentence Served

---

[1] Defendant's total criminal history points were 25 pursuant to USSG 4A1.1(e) because he committed the offense of conviction less than two years following his release from custody for a prior offense.  Even at that, a great many of Defendant's convictions were not counted at all because they were too old.

Defendant argues that having served nearly 18 years, 75% toward his projected release date, satisfies any penological purpose. Advanced as an extraordinary and compelling reason for compassionate release, which the Court recognizes it has the authority to so find, that assertion essentially asks the question whether requiring Defendant to complete his sentence is sufficient but not greater than necessary to address the 3553(a) factors. The Court finds that, based on all of the factors, the original sentence imposed remains the correct sentence, and does not constitute an extraordinary and compelling reason for compassionate release.

Defendant's offense of felon in possession of a firearm was serious, particularly in light of his extensive criminal history which includes six assaults, multiple breaking and enterings, and sundry acts of theft, among others, which resulted in 25 criminal history points without even counting all of his convictions. The sentence reflects that seriousness and promotes the respect for law. Defendant's history and characteristics were unmitigatedly bad prior to his rehabilitative efforts while incarcerated. But even those efforts are counterbalanced by his disturbing disciplinary record, discussed below. The Defendant's criminal history and disciplinary record indicate that there continues to be a need to protect the public from further crimes of this Defendant. As discussed above, completion of his imposed sentence will not result in any unwarranted sentencing disparities.

### Defendant's Rehabilitation and Post Release Plan

Defendant's programming, coursework and assignments while in custody are laudatory. He asserts that as a result he is "highly unlikely to recidivate." However, counterweighting it is his disciplinary record, which includes Possessing a Dangerous Weapon and Fighting with Another Person, three other citations for Fighting with Another Person, and Stealing. On balance,

Defendant's conduct while incarcerated, coupled with his extensive criminal history of assaults and thievery, demonstrates the need for him to complete his sentence in order to protect the public and to continue to provide him educational and vocational training. The Court recognizes that post-conviction rehabilitation may constitute an extraordinary and compelling reason for compassionate release but finds under these specific facts that it is not so here.

Defendant's post release plan is encouraging, and it is very much hoped that his prospective living and employment opportunities remain available upon release. Since they are being offered by family members the Court fully expects they will be. Nonetheless, a sound post release plan, when considered in concert with the factors described above, does not justify an early release based upon extraordinary and compelling reasons.

## Combination of Grounds

The Court has considered each of the advanced grounds in combination to determine whether taken together they rise to an extraordinary and compelling reason to grant compassionate release. While the Court recognizes its authority to do so, it finds that they do not.

**IT IS THEREFORE ORDERED**, that Defendant's motion for compassionate release and reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), (Doc. No. 94), is **DENIED.**

**SO ORDERED.**

Signed: August 16, 2022

Kenneth D. Bell
United States District Judge